IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN DAVIS** : | |
| 4912 Parrish Street : | |
| Philadelphia, PA 19139 : | **Civil Action No.** _____ |
| : | |
| **Plaintiff**, : | |
| : | |
| v. : | |
| : | ***JURY TRIAL DEMANDED*** |
| **T-MOBILE USA INC.** : | |
| 12920 SE 38th Street : | |
| Bellevue, WA 98006 : | |
| : | |
| **Defendant**. : | |

## COMPLAINT – CIVIL ACTION

Plaintiff Kelvin Davis ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant T-Mobile USA Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code. §9-1101, *et seq*., by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating his employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting and requiring reasonable accommodation.

2. Plaintiff further contends Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. by interfering with Plaintiff's FMLA rights/benefits and by

terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise his rights under the FMLA.

3. Defendants' violations of the FMLA, ADA, PHRA and PFPO have caused Plaintiff to suffer damages as set forth herein.

## PARTIES

4. Plaintiff Kelvin Davis is a citizen of the United States and Pennsylvania, who currently maintains a residence at 4912 Parrish Street, Philadelphia, PA 19139.

5. Upon information and belief, Defendant is a Delaware corporation with a principal place of business of located at 12920 SE 38th Street Bellevue, WA 98006.

6. Upon information and belief, Defendant does business in Pennsylvania, operating several retail locations, including one at 2920 Roberts Avenue, Suite 1120, Philadelphia, PA 19129.

## JURISDICTION AND VENUE

7. Paragraphs 1 through 6 are hereby incorporated by reference as if the same were fully set forth at length herein.

8. On or about February 10, 2025, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), 43 P.S. § 959(a), and Phila. Code. § 9-1112.

9. Plaintiff's Charge was docketed as EEOC No. 530-2025-03506, and was filed within one-hundred and eighty (180) days of the unlawful employment practice.

10. On or about September 9, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising him that she had ninety (90) days to file suit against Defendant.

11. One year has passed since Plaintiff filed his complaint with the PHRC (his dual-filed Charge), thereby entitling Plaintiff to bring his PHRA claims in court.

12. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

13. Plaintiff has exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

14. This is an action authorized and instituted pursuant to the ADA, FMLA, PHRA, and PFPO.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal claims.

17. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed herein.

**FACTUAL BACKGROUND**

18. Paragraphs 1 through 17 are hereby incorporated by reference as if the same were fully set forth at length herein.

19. Plaintiff began his employment with Defendant on or about October 10, 2022 as a Sales Representative.

20. Plaintiff worked at Defendant's store located at 2920 Roberts Avenue, Suite 1120, Philadelphia, PA 19129.

21. Plaintiff's brother passed away unexpectedly on July 7, 2024.

22. As Plaintiff bereaved, he developed significant depression, and his doctor ultimately diagnosed him with adjustment disorder with depressed mood.

23. Accordingly, on or about July 11, 2024, Plaintiff requested a medical leave of absence from July 12 through 21, 2024; he later requested to extend his leave first until August 2, 2024 and then through August 17, 2024.

24. To support his medical leave, Defendant asked Plaintiff to have his doctor complete leave paperwork and submit it to Defendant's third-party leave provider, Broadspire, by July 26, 2024.

25. Plaintiff contacted his medical provider, Spectrum Health, and scheduled the earliest appointment available: August 28, 2024.

26. Plaintiff additionally tried getting an earlier appointment by contacting other doctors but could not find a doctor who would complete the necessary leave paperwork.

27. Plaintiff notified Broadspire and Defendant of his efforts to get an appointment and requested additional time to provide the completed leave paperwork once he could see his doctor.

28. On or about July 31, 2024 and August 1, 2024, Plaintiff received notices from Broadspire and Defendant, respectively, indicating his leave was denied for lack of supporting medical documentation, despite Plaintiff having advised both entities that his could not see a doctor until late August 2024.

29. Plaintiff contacted both Broadspire and Defendant and again explained that he required additional time to provide the completed leave paperwork, as he could not get a doctor's appointment until August 28, 2024.

30. Plaintiff later contacted his Store Manager, Kimbra Kimble ("Ms. Kimble"), and inquired about returning to work after his leave ended on August 17, 2024.

31. Ms. Kimble, however, stated he could not return to work without having first submitted the leave paperwork completed by his doctor.

32. Ms. Kimble advised that if Plaintiff did return to work before the paperwork was received, his leave would be considered unexcused absences.

33. Accordingly, Plaintiff had to stay on leave until he could see his doctor for completion of the leave paperwork.

34. Plaintiff went to his doctor's appointment as planned on August 28, 2024.

35. However, the doctor Plaintiff had seen previously, Dr. Kevin Subers ("Dr. Subers"), was unavailable, and Plaintiff instead saw a different Spectrum Health doctor with whom he was unfamiliar: Dr. Heba Elghalban ("Dr. Elghalban").

36. Dr. Elghalban advised Plaintiff she was not able to complete the leave paperwork, but Spectrum Health arranged for Plaintiff to see Dr. Subers the following day on August 29, 2024.

37. Dr. Subers completed and submitted the medical leave paperwork that day, on August 29, 2024.

38. On that same date, August 29, 2024, Plaintiff received notice from Broadspire that his leave had been approved.

39. Broadspire sent Plaintiff another notice a few minutes later stating that if he required an extension of his leave beyond August 17, 2024, he had to notify them by September 13, 2024.

40. However, Plaintiff thereafter saw that Defendant sent him an email on August 28, 2024, the date of his original doctor's appointment, with documents "related to your separation."

41. Plaintiff then called Ms. Kimbra to ask about the email, and she advised that Defendant had in fact terminated Plaintiff's employment.

42. Defendant evidently terminated Plaintiff's employment despite having notice that Plaintiff reasonably required additional time to obtain and submit the medical leave paperwork.

43. On September 3, 2024, Plaintiff received another email from Broadspire inexplicably reversing its prior August 29, 2024 approval of his leave and now stating his leave had been denied.

44. In light of the foregoing, it is believed, and therefore averred that Defendant terminated Plaintiff's employment because of his actual an/or perceived disabilities, because of his record of impairment, because he required and requested accommodations, and because he requested and required FMLA leave.

45. Additionally, it is believed and averred that Defendant failed to accommodate Plaintiff, failed to engage in the interactive process, and interfered with his FMLA rights and benefits.

46. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; Plaintiff has also suffered other economic

damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

47. Paragraphs 1 through 46 are hereby incorporated by reference as if the same were fully set forth at length herein.

48. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

49. Defendant was aware of Plaintiff's disability, record of impairment/disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

50. Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

51. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

52. Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

53. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
### FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. 2601, *et seq.*
### INTERFERENCE & RETALIATION

54. Paragraphs 1 through 53 are hereby incorporated by reference as if the same were fully set forth at length herein.

55. Plaintiff was eligible for FMLA leave and provided Defendant with adequate notice of his need for leave.

56. Despite his diligent and good faith efforts, it was not practicable for Plaintiff to return his completed medical certification by Defendant's deadline, and Plaintiff reasonably requested additional time to do so.

57. Defendant terminated Plaintiff in retaliation for requesting and requiring FMLA-qualifying leave.

58. Defendant interfered with Plaintiff's FMLA rights and benefits by terminating him and preventing him from taking 12-weeks of job protected leave.

59. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

60. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant economic damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Liquidated damages in the maximum amount permitted.

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances;

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
## 43 P.S. § 951 *et seq.*
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

61. Paragraphs 1 through 60 are hereby incorporated by reference as if the same were fully set forth at length herein.

62. Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

63. Defendant was aware of Plaintiff's disability/handicap, record of disability/handicap and/or regarded Plaintiff as having a disability/handicap.

64. Plaintiff requested and required reasonable accommodation(s) in connection with her disability/handicap.

65. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

66. Defendant terminated Plaintiff's employment because of his actual and/or perceived disability/handicap, because of her record of disability/handicap, and in retaliation for requesting/requiring reasonable accommodation(s).

67. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

68. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## PHILADELPHIA FAIR PRACTICES ORDINANCE ("PFPO")
### Phila. Code § §9-1101, *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

69. Paragraphs 1 through 68 are hereby incorporated by reference as if the same were fully set forth at length herein.

70. Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

71. Defendants were aware of Plaintiff's disability, record of disability, and/or regarded Plaintiff as having a disability.

72. Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

73. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

74. Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

75. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

      a)      Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

      b)      Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

      c)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

      d)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

      e)      Pre-judgment interest in an appropriate amount;

      f)      Such other and further relief as is just and equitable under the circumstances; and

      g)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## **JURY DEMAND**

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MURPHY LAW GROUP, LLC** |
| Date:   December 4, 2025 | By:   */s/ Jake Daniel Novelli, Esq.* |
|  | Jake Daniel Novelli, Esq.<br>Michael Murphy, Esq.<br>1628 John F. Kennedy Blvd., Suite 2000<br>Philadelphia, PA 19103<br>TEL: 267-273-1054<br>FAX: 215-525-0210<br>jnovelli@phillyemploymentlawyer.com<br>murphy@phillyemploymentlawyer.com<br>*Counsel for Plaintiff* |

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.